大成 DENTONS

Neil A. Capobianco
Partner

neil.capobianco@dentons.com
D   +1 212 398 5781

Dentons US LLP
1221 Avenue of the Americas
New York, NY  10020-1089
United States

大成  Salans FMC SNR Denton McKenna Long
dentons.com

October 5, 2016

**VIA ECF FILING & U.S. MAIL**

The Honorable Paul A. Crotty
United States District Judge
United States District Court
500 Pearl Street, Chambers 1350
New York, NY  10007

   Re: **Zvonko v. Eli's Bread, Case No. 14-cv-08105**

Dear Judge Crotty:

  Defendants Eli's Bread, Inc. and Eli Zabar respectfully submit this response to the September 29, 2016 letter (with exhibits) from plaintiffs' counsel Vincent Bauer, Esq. (the "Letter") in which Mr. Bauer renews his request "for an order permitting a computer expert to examine" defendants' "punch record database."  This application was denied on June 28, 2016 and, for the reasons detailed below, it should be denied again.

  The Court may remember that the original request to examine the punch record database was based on misrepresentations of the contents of (likely inadmissible)[1] statements made in the Declaration of Zoric Zvonko dated June 8, 2016 ("Zvonko Decl.").  Mr. Bauer claimed back in June that this same examination was necessary to "determine whether changes have been made to the punch record database since the filing of the lawsuit."  Letter, p.2.  The Zvonko Decl. alleged that plaintiff Zvonko was told by Mr. Ratajac that Ratajac (not Zvonko) supposedly "witnessed … Eli's Bread managers making changes **on the computer records** concerning driver's routes."  Zvonko Decl. ¶ 3 (emphasis added).  In contrast, Mr. Bauer incorrectly added specificity not found in the Zvonko Decl. that a "manager observed … changing values **in the punch record database**."  Letter, p. 2 (emphasis added).

  It appears now that even Mr. Bauer agrees – as he left the Zvonko Decl. out of this second application – that a determination cannot be made based on the Zvonko Decl. because, although Zvonko claims that Milan Ratajac spoke to him in "early 2015," there is no indication in the Zvonko Decl. as to when the alleged "changes" Mr. Ratajac claims to have witnessed were

---

[1] There are several evidential defects in the Zvonko Decl., not the least of which is the absence of a sworn declaration under penalty or perjury as required by 28 U.S.C. § 1746 (unsworn declarations under penalty of perjury).  The Zvonko Decl. should be rejected for this reason and Defendants reserve all rights in connection with the admissibility of the declaration and any statements therein.

101651407

Case 1:14-cv-08105-PAC   Document 83   Filed 10/05/16   Page 2 of 3

大成 DENTONS

Honorable Paul A. Crotty
October 5, 2016
Page 2

大成  Salans FMC SNR Denton McKenna Long
dentons.com

made. Thus, without the deposition of the now deceased Mr. Ratajac, this determination cannot be made in any event.

Having failed with the Zvonko Decl., Mr. Bauer now tries to gain access to defendants' computer systems with deposition testimony from Mr. Zvonko and two other plaintiffs allegedly "remembering" that their routes were longer than reflected in the punch records, as well as a redacted email from the email address of plaintiff Stevan Obradovic, but which Mr. Bauer represents was actually from the now-deceased Mr. Ratajac. On its face, this email does not mention any punch record or computer database, let alone any changes to any database.

The sum total of Mr. Bauer's argument from the Zvonko testimony is that it "supports the foregoing allegations." It does not. In fact, Zvonko was unable to recall when in 2015 Mr. Ratajac supposedly told him about his interaction with Mr. Stewart and the computer records. Zvonko did, however, confirm that he did not claim to witness anything personally, that the whole incident was relayed to him by the late Mr. Ratajac, who was never deposed and never provided a sworn declaration.

And, nowhere in the Zvonko Decl. does Zvonko claim that he was told the changes were made to punch records specifically – <u>and Zvonko's deposition testimony confirms this</u>:

> Q. Did Milan [Ratajac] tell you which records he claims were being changed?
>
> A. No, he didn't.
>
> Q. Did he [Ratajac] say "punch records"?
>
> A. No, he didn't.

Exhibit A to the Letter, page 11 of 13. Indeed, the balance of the testimony reveals that Zvonko has no personal knowledge whether Mr. Ratajac was even referring to "routes." *Id.* The Zvonko deposition testimony thus further undermines any entitlement to a forensic examination of a punch record database that has never been discussed in the record.

The excerpt from Mr. Mory Kaba's deposition – in an exchange about Mr. Kaba's dissatisfaction with defendants' time records that don't comport with his memory – gets plaintiffs no further:

> Q. So the time clock lies?
>
> [Objection and colloquy]
>
> A. I don't know.

Exhibit B to the Letter, p. 3 of 4.

The deposition testimony excerpt from Mr. Sidibe's deposition further confirms that any claim of inaccurate route times is rank speculation:

> Q. So do you think this record is wrong?

101651407

> A. Yes, it's false.
>
> Q. Do you know why it would record a different number than when you punched out?
>
> A. I don't know.

Exhibit C to the Letter, p. 4 of 4.

Depositions – even just using the excerpts that plaintiffs' counsel chose to support his renewed application – confirm that plaintiffs rely only on double hearsay statements and rank speculation to claim that any record was altered in connection with this lawsuit.

Finally, plaintiffs' counsel submits an apparently redacted email from plaintiff Stevan Obradovic's email address (but allegedly from Mr. Ratajac) that contains supposed estimates of route lengths and a discussion of a variety of topics including when drivers punched, GPS records, and box assembly. It is unclear how plaintiffs' counsel maintains that this unsworn document supports the application for inspection when it does not mention any database or any alterations to records.

Discovery has now confirmed that there is no basis to allow plaintiffs what would a burdensome and intrusive examination of defendants' punch record database. The renewed application should thus be denied.

We look forward to addressing these issues further at our next court conference scheduled for November 3, 2016.

Very truly yours,

Richard I. Scharlat
Neil A. Capobianco