# LAW OFFICES OF VINCENT E. BAUER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-18-16

112 Madison Avenue, 5th floor
New York, NY 10016

Tel: 212-575-1517
Fax: 212-689-2726

Vincent E. Bauer
Barbara Meister Cummins

VIA ELECTRONIC FILING

September 29, 2016

Hon. Paul A. Crotty
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

> Plaintiffs' application for an order permitting their computer expert to examine Defendants' punch clock database is DENIED.
>
> SO ORDERED - 10-18-16
>
> /s/ Paul A. Crotty
>
> Paul A. Crotty, U.S.D.J

Subject: Zvonko, et al. v. Eli's Bread, et ano., 14-cv-08105

Dear Judge Crotty:

I am counsel to the Plaintiffs in this action. I write respectfully to renew Plaintiffs' application for an order permitting a computer expert to examine Defendant Eli's Bread's punch record database which was used during the period at issue in this case, October 2008 until October 2014. The purpose of that brief review is to determine whether data contained in that database has been altered by Defendants.

Via a June 13, 2016 letter to the Court (Docket No. 69), Plaintiffs requested the opportunity to have an expert examine Defendants' punch clock database. That application was accompanied by the Declaration of Plaintiff Zvonko Zoric. Mr. Zoric was informed by a then Eli's Bread route manager, Milan Ratajac, that Mr. Ratajac observed representatives of Eli's Bread changing on a computer data relating to the Eli's Bread delivery drivers. According to Mr. Ratajac, he did not want to get involved because he thought what was being done was "criminal."

Your Honor denied that application, with leave to renew after the depositions in this case were conducted. In that regard, Plaintiffs wish to bring the following additional information to the Court's attention.

First, Mr. Zoric has provided deposition testimony regarding that issue which supports the foregoing allegations. Exhibit 1. Additionally, Mr. Ratajac, prior to his death this year, provided me with estimates, based upon his daily observations, of the duration of routes driven by Plaintiff delivery drivers. Significantly, those estimates are inconsistent with the average route duration figures which were purportedly derived by Defendants from the relevant punch records.

Mr. Ratajac, who at the time had retired from Eli's Bread for health reasons, communicated those estimates to me via email from the account of one of the Plaintiffs, Stevan Obradovic. A copy of

the referenced email is attached as Exhibit 2. Mr. Ratajac indicated that he was doing so because he did not want Defendant Eli Zabar to know that he was providing me with this information. Should the Court desire, I will gladly provide a sworn statement from Mr. Obradovic concerning the preparation of the referenced email. I have not yet done so given the urgency associated with submitting this application, and the fact that Mr. Obradovic resides in Belgrade.

Subsequently, Plaintiffs subpoenaed Mr. Ratajac for a deposition. Unfortunately for Plaintiffs, Mr. Ratajac was too ill to appear for his scheduled deposition on two occasions, despite offers to conduct same in or near his home in Fort Lee, NJ. Upon information and belief, thereafter, Mr. Ratajac went to Europe for treatment of his cancer, and died in Belgrade earlier this year.

Additionally, two Plaintiffs (out of ten who testified, only approximately 5 of whom punched in and out more than occasionally) testified during their depositions that the punch record data for them reflect shift start times and completion times that were false (See Exhibits 3 and 4), and others testified to route durations which are inconsistent with punch records.

Taken together, we respectfully submit that the foregoing evidence is more than sufficient to support an order permitting a brief review of the punch record database maintained by Defendant Eli's Bread. We thank the Court for its consideration of this application.

Respectfully submitted,

s/

Vincent E. Bauer