**Richard I. Scharlat**
Partner

richard.scharlat@dentons.com
D  +1 212 768-6854

Dentons US LLP
1221 Avenue of the Americas
New York, NY  10020-1089
United States

大成  Salans FMC SNR Denton McKenna Long
dentons.com

February 7, 2017

**VIA ECF FILING & U.S. MAIL**
The Honorable Paul A. Crotty
United States District Judge
United States District Court
500 Pearl Street, Chambers 1350
New York, New York 10007

   Re: **Zvonko v. Eli's Bread, et al.; Case No. 14-cv-08105**

Dear Judge Crotty:

  We write in response to plaintiffs' counsel's letter dated February 2, 2017 seeking a pre-motion conference in advance of what plaintiffs call a motion seeking "an order enjoining Defendants from any further retaliation against Plaintiffs."[1]

  To be sure, defendants have not retaliated against Mr. Badiane, Mr. Jorge, or any other plaintiff.  Because plaintiffs' counsel advises that plaintiffs "are not seeking injunctive relief concerning Mr. Badiane …" before this Court, and because no accusation of "retaliation" since the filing of the complaint has been made by any other plaintiff, without waiver of any defenses, we will respond only in connection with Mr. Jorge.

  Mr. Jorge drives a delivery truck and delivers bread for defendants.  His ability to safely drive a van around New York City and surrounding areas requires him to be alert, responsive, and in a condition that does not put his life and safety, or the lives and safety of others, at risk.  As a result of a serious workplace incident on January 12, 2017, witnessed by others at defendants' place of business, defendants placed Mr. Jorge on a medical leave.  No final determination in connection with Mr. Jorge's return to work has been made, but until defendants are satisfied that Mr. Jorge, is, in fact, in a stable condition and able to resume performing the essential functions of his position as a driver without posing an undue risk, they cannot reasonably be expected to consider allowing him to get behind the wheel of their vehicle.  Defendants have already advised Mr. Jorge of the conditions for his return to work and to suggest that defendants' prudent and lawful approach to this situation somehow constitutes "retaliation" is farfetched, and does not, at this juncture, warrant a pre-motion conference, let alone a motion.

---

[1] Although the law firm of Epstein Becker & Green, P.C. represents defendants in connection with general employment matters, because plaintiffs' counsel has a sought a conference in this litigation, we are responding on behalf of defendants.

Case 1:14-cv-08105-PAC   Document 101   Filed 02/07/17   Page 2 of 2

Honorable Paul A. Crotty
February 7, 2017
Page 2

大成 Salans FMC SNR Denton McKenna Long
dentons.com

    Additionally, plaintiffs' counsel's tactic here must be addressed with caution. In what we view as an eleventh-hour attempt to distract from the weakness of their case, plaintiffs' counsel has chosen to disclose the existence Mr. Jorge's "medical emergency" in the publicly-filed February 2, 2017 letter. Whether this constitutes a violation of HIPAA remains to be determined, and defendants cannot, and will not, disclose further facts about the emergency, the content of the letters seeking information about the emergency, or the responses from Mr. Jorge, unless directed by the Court.

    To the extent that the Court considers this application further, the parties are scheduled for a conference before Your Honor on February 15, 2017 and we will be prepared to address the application at that time, as necessary.

Very truly yours,

/s/ Richard Scharlat

Richard I. Scharlat


cc: Vincent Bauer, Esq. (via ecf)
    Steven Swirsky, Esq. (via email (sswirsky@ebglaw.com))