UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
ZORIC ZVONKO, STEVEN OBRADOVIC,
JENSEY JORGE, DANIEL WERBER, and               Case No. 14-cv-8105 (PAC)
DEJAN JADRIC on behalf of themselves and
all others similarly situated,

                              Plaintiffs,

        -against-

ELI'S BREAD, INC. and ELI ZABAR,

                              Defendants.
-------------------------------------------------------------------

DEFENDANTS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

        Defendants Eli's Bread, Inc. ("Eli's Bread") and Eli Zabar hereby submit the following

proposed findings of fact and conclusions of law:

DEFENDANTS' PROPOSED FINDINGS OF FACT

A.      Estimating Plaintiffs' Hours of Work and Overtime Pay

        1.      Of the seventeen (17) Plaintiffs who have opted into this action, only four (4)

Plaintiffs are currently actively employed by Eli's Bread:  Bekaye Diakite, Mamadou Fam, Mory

Kaba, and Ibrahima Traore.

        2.      None of the Plaintiffs maintained any written records of their hours of work or the

times that any of them started and stopped working on any given day.

        3.      Plaintiffs' current recollections about their hours of work from October 8, 2008 –

the date that is six (6) years prior to the filing of Plaintiffs' original Complaint – until their

respective last days of work are inherently unreliable and subject to self-interest bias.

        4.      Defendants engaged in an objective, structured method of trying to estimate the

number of hours each of the Plaintiffs worked during the statute of limitations period.

1

5.      First, Defendants reviewed the punch records that existed for all of the Plaintiffs.

6.      While many of the Plaintiffs failed to punch in and punch out every day, some of the Plaintiffs – namely, Tadiani Ba, Makete Badiane, Mamadou Fam, Jensey Jorge, Mory Kaba, Ibrahima Keita, Zoumana Keita, Stevan Obradovic, Mande Sidebe, and Ibrahima Traore – collectively punched in and out on the same day for a significant number of shifts such that averaging their hours of work for each designated route provides a reasonable estimate of the duration of most of the routes.

7.      Next, if sufficient numbers of Plaintiffs' punch records were not available for a specific route, Defendants reviewed invoice registers – which identify the scheduled time that the delivery driver should be delivering bread to each customer on the specific route – and added to the time differential between the first and last scheduled delivery more or less than two (2) hours to cover the time to load the bread, drive to the first customer, and return to the bakery from the last customer – depending on the anticipated duration of these driving events.

8.      Lastly, Defendants checked their estimates using available GPS records.

9.      Following this method, Defendants estimated that the routes driven by the Plaintiffs required the hours of work shown on the table below (and based on the indicated source):

| ROUTE NAME | HOURS | SOURCE | HISTORIC OR CURRENT | NOTES |
|---|---|---|---|---|
| 3am | 8.75 | Makhete Badiane Average | Current | Loading Dock |
| 8am | 8.00 | Jensey Jorge Average | Historic | Defunct |
| upstate | 8.50 | Makhete Badiane Average | Current | |
| ap | 7.50 | Jensey Jorge Average | Historic | Defunct |
| ap1 | 7.25 | Invoice Registers | Current | |
| ap2 | 8.00 | Invoice Registers | Historic | Defunct |
| nj1 | 8.50 | Invoice Registers | Current | Distance Rt- No Punches |
| nj2 | 7.00 | Invoice Registers | Current | Distance Rt- No Punches |
| nj3 | 8.00 | Invoice Registers | Historic | Defunct |
| nj4 | 6.50 | Stevan Obradovic Avg | Historic | Defunct |
| nj5 | 8.00 | Invoice Registers | Historic | Defunct |

2

| li2 | 8.63 | Stevan Obradovic Avg | Current | Distance Rt- No Punches |
| li3 | 8.00 | Invoice Registers | Current | Seasonal |
| sp | 6.50 | Jensey Jorge Average | Historic | |
| emw | 8.75 | Zoumana K. Average | Historic | |
| 10pm | 8.75 | | Renamed EMW | EMW |
| INJURY | 8.00 | | Special Case | Not Route |
| f1 | 9.00 | Mande Sidibe Average | Historic | |
| f2 | 7.50 | Stevan Obradovic Avg | Historic | |
| f3 | 6.00 | Jensey Jorge Average | Current | |
| f4 | 8.25 | Stevan Obradovic Avg | Historic | Defunct |
| b | 8.50 | Fam/Mory Kaba/ I.Keita | Current | |
| m1 | 8.25 | Jensey/Amara/Mory/Traore | Current | |
| d | 9.00 | Amara Kaba Average | Current | |
| d2 | 7.50 | Invoice Registers | Current | |
| w | 8.00 | Ibrahima K/Fam/Jensey | Current | |
| eatrtl | 7.00 | Traore Average | Current | |
| e | 7.00 | Tidiani Average | Historic | |
| ew | 7.00 | Ibrahima Keita Average | Current | |
| m2 | 8.75 | Fam/Jensey/Keita/Traore | Current | |
| dvle | 4.00 | Invoice Registers | Current | |
| dvlw | 4.00 | Invoice Registers | Current | |

10.    Plaintiffs have been paid a day or "daily" rate – historically ranging from $95 to $180 per day – for each day on which work was performed.

11.    In addition to the day rate, if a Plaintiff worked a so-called "half shift" – specifically, the shifts called dinner very late east ("dvle") and dinner very late west ("dvlw") – that Plaintiff would receive additional pay equal to one half (½) of the Plaintiff's day rate.

12.    Defendants' records of Plaintiffs' schedules reflect all assigned routes except for the half shifts.

13.    Defendants have been able to determine how many half shifts the Plaintiffs worked by reviewing their weekly pay records, subtracting out the number of assigned shifts, and accounting for vacation or other paid time off.  For example, for a pay if a Plaintiffs was paid the equivalent of six (6) days' pay, but was only scheduled to work five (5) routes that week, then Defendants would conclude that that Plaintiff worked two (2) half shifts.

14.     Using the above assumptions about route duration and half shifts, Defendants calculated each Plaintiffs' regular rate by dividing each Plaintiff's weekly earnings by the number of hours worked by that Plaintiff in that week.

15.     Overtime pay for each week was estimated by multiplying the number of hours in excess of 40 hours worked in each week and multiplying by half of the regular rate calculated for that week.

16.     By aggregating each Plaintiff's overtime pay estimate for each week from September 29, 2008 through the earlier of each Plaintiff's last day of work or April 26, 2015, and subject to Defendants' good faith defenses, Defendants estimated each Plaintiff's total overtime pay as follows:

| | |
|---|---|
| Amara Kaba | $ 24,650.83 |
| Bekaye Diakite | $ 16,734.42 |
| Dan Werber | $  6,024.07 |
| Dejan Jadric | $ 12,918.57 |
| Ibrahima Keita | $  2,086.95 |
| Ibrahima Traore | $ 12,834.07 |
| Jensey Jorge | $ 12,689.57 |
| Jovan Njegovan | $  8,855.11 |
| Makhete Badiane | $ 29,856.09 |
| Mamadou Fam | $  8,546.80 |
| Mande Sidibe | $  7,831.51 |
| Mory Kaba | $  9,451.84 |
| Oumarou Niamou | $  3,284.59 |
| Stevan Obradovic | $ 25,253.53 |
| Tidiani Bah | $ 16,811.78 |
| Zoumana Keita | $  4,948.26 |
| Zvonko Zoric | $ 27,592.97 |
| **Total** | **$230,370.95** |

B.     <u>Defendants' Good Faith</u>

17.     In a meeting with a New York State Department of Labor auditor who was conducting an audit of Eli's Bread's payroll records in the late 1990s or the early 2000s, Eli's

104196951

Bread's Chief Financial Officer Robert Shaloff learned that Eli's Bread drivers, who could be called upon to travel interstate, were exempt from overtime and could be paid a day rate.

18.     In 2009, in connection with a separate Department of Labor audit of the Vinegar Factory – a separate entity also owned by Eli Zabar and for which Robert Shaloff also served as Chief Financial Officer – Mr. Shaloff learned that the Vinegar Factory owed one of the Vinegar Factory drivers money because the Vinegar Factory drivers drove only within New York City and were not exempt from entitlement to overtime pay.

19.     Unlike the Vinegar Factory drivers, Mr. Shaloff understood that Eli's Bread drivers could be called upon to drive out of state and thus they could retain their overtime exemption.

20.     After the Vinegar Factor audit, Ross Breen recommended to Eli Zabar and Robert Shaloff that Vinegar Factor drivers be converted to hourly pay plus overtime and that recommendation was in fact accepted and implemented.

<u>DEFENDANTS' PROPOSED CONCLUSIONS OF LAW</u>

21.     Defendant Eli's Bread, Inc. is an "employer" as that term is defined in the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

22.     The NYLL adopts in its entirety the overtime requirements of the FLSA and is subject to the same exemptions set forth in 29 U.S.C. §§ 207, 213.  12 N.Y.C.R.R. § 142-2.2.

23.     Where an employer's records are inadequate and the employee cannot offer convincing substitutes, an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work "as a matter of just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1986).

5

24.     Plaintiffs' recollections at trial concerning their best estimate of how long each route that they drove took does not constitute sufficient evidence to show the amount and extent of their weekly work as a matter of just and reasonable inference.

25.     Defendants' method of averaging available punch records and estimating route durations based on invoice registers and confirming by review of GPS records constitutes a more reliable method of estimating hours of work as a matter of just and reasonable inference.

26.     Subject to Defendants' good faith defenses, the parties agree that for weeks in which any Plaintiff worked in excess of forty (40) hours per week, such Plaintiff is entitled to be paid overtime for each hour in excess of forty (40) at a one-half (½) the regular rate at which such Plaintiff was employed for that week.  29 C.F.R. § 778.112.

27.     The FLSA does not require employers to compensate employees on an hourly rate basis.  29 C.F.R. § 778.109.  Here, Eli's Bread compensated its delivery drivers based on a daily rate, with potential additional compensation for so-called "half shifts" based on a rate that was one-half (½) of the daily rate.

28.     The "regular rate" for FLSA purposes is the hourly rate determined by dividing each Plaintiff's total remuneration for employment in a specific workweek by the total number of hours actually worked by that Plaintiff in that workweek for which such compensation was paid. 29 C.F.R. § 778.109.  Here, since Eli's Bread's drivers were paid a daily rate regardless of the number of hours that they worked in that day, the proper denominator for the regular rate calculation is all of the hours that the driver worked in that workweek.

29.     The Motor Carrier Act exemption to the FLSA exempts from overtime requirements "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service [for any person providing motor vehicle

104196951

transportation for compensation]."  29 U.S.C. § 213(b)(1); 49 U.S.C. § 31502(b)(1); 49 U.S.C. § 13102(14).

30.     From 1938 (when the FLSA was enacted) until June 6, 2008 (when the Safe, Accountable, Flexible, Efficient Transportation Equity Act:  A Legacy for Users ("SAFETEA-LU") Technical Correction Act of 2008 was enacted), delivery drivers like the Plaintiffs were exempt from the FLSA's overtime requirements.

31.     During this seventy (70) year period of delivery driver overtime exemption, Eli's Bread management – including CFO Robert Shaloff and Ross Breen – learned from a New York State Department of Labor auditor that Eli's Bread's delivery drivers were overtime exempt and could be paid in accordance with the daily rate method of pay that Eli's Bread had been using for as long as anyone can remember.

32.     Eli's Bread had a good faith basis to believe that its non-payment of overtime to its delivery drivers was in compliance with the law.

33.     Since Defendants have proven their good faith basis by a preponderance of the evidence, no liquidated damages shall be awarded under the NYLL.

34.     Plaintiffs have withdrawn their claim for liquidated damages under the FLSA.

35.     The FLSA provides that no employer shall be subject to any liability if he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling approval, or interpretation, of the Administrator of the Wage and Hour Division of the Department of Labor (the "Administrator"), or any administrative practice or enforcement policy of such agency with respect to the class of employers to which he belonged.  29 U.S.C. § 259(a).

104196951

36.     Since Eli's Bread's non-payment of overtime to its delivery drivers was in good faith in conformity with and in reliance on the Motor Carrier Act exemptions (as interpreted by the Administrator) and the enforcement policy of the Department of Labor (as indicated by the auditor's statements to CFO Robert Shaloff), Eli's Bread is not subject to any liability.  29 U.S.C. § 259(a); 29 C.F.R. § 782.3.

37.     The U.S. Department of Transportation has held that a driver would be subject to the Secretary of Transportation's jurisdiction for a 4-month period beginning with the date the driver could have been called upon to, or actually did, engage in interstate transportation.  During this period, the overtime pay exemption contained in section 13(b)(1) of the FLSA would be applicable to the drivers.  Wage-Hour Opinion Letter re Truck Drivers/Overtime Pay Exemption (June 15, 1998); Wage-Hour Opinion Letter re Truck Drivers/Overtime Pay (Jan. 15, 1995.

Dated: New York, New York
       July 12, 2017

                         Respectfully submitted,

                         **DENTONS US LLP**


                          _/s/_ Richard I. Scharlat_____
                         Richard I. Scharlat
                         Neil A. Capobianco

                         1221 Avenue of the Americas
                         New York, New York  10020
                         (212) 768-6700

                         *Attorneys for Defendants Eli's Bread, Inc. and Eli Zabar*

104196951